PER CURIAM.
The appellant is the widow of Benjamin Davidson. Prior to the death of her husband, she and her husband executed a promissory note in the amount of $15,000 payable to the appellee, Miami Beach First National Bank. At the time of the execution of this note she and her husband pledged to the Bank shares of stock. Some of these shares were owned by the appellant individually, some were owned by her husband individually, and some were owned jointly. Thereafter her husband became liable as an indorser before delivery upon a $35,000 note to the Bank. Mr. Davidson died on May 25, 1965. In April 1965 the Bank notified the appellant that the stock would be sold pursuant to the pledge and that the proceeds of the sale would be applied first to the balance due upon the note she had signed with her husband ($8,837.82) and then to the balance due upon the obligation of her husband. Pursuant to this notice the stock was sold to the Bank for $8,837.82.
The day before the sale the appellant filed a complaint seeking a judgment declaring that the stock she owned individually was improperly being made subject to the indebtedness of her husband. After discovery the trial court entered a summary judgment in which it declared that as a result of the sale the Bank was the owner of all the pledged stock.
Prior to the entry of the summary judgment the appellant filed her own affidavit, in which she listed the stock of which she claimed to be the sole owner, and the affidavit of a registered securities representative, in which the representative stated that in his opinion the stocks owned solely by the appellant had a value of $9,860 at the time of the sale.
*624 On this appeal the appellant argues that because no trial was held, the court necessarily accepted the value of her individual stock as $9,860, the value set by the affidavit of the registered representative, and that the sale for $8,837.82 was therefore necessarily improper.
There is no doubt that the appellant was liable for the balance due upon the joint note. It is apparent that the stock she owned individually was sold for a price only slightly less than the value the registered representative placed upon it. We therefore find no error in the trial court’s determination that the stock became the property of the Bank pursuant to the sale.
We are unable to say that as a matter of law the claimed inadequacy of price is sufficient to require us to reverse the judgment. See Chaires v. Brady, 1862, 10 Fla. 133, 144; Rosenthal v. Le May, Fla. 1954, 72 So.2d 289, 44 A.L.R.2d 336.
Affirmed.